Eric J. Farber, SBN 169472
Eric.Farber@farberfoote.com
Alexandra Foote, SBN 225695
Alexandra.Foote@farberfoote.com
Jon S. Varnica, SBN
Jon.Varnica@Farberfoote.com
FARBER & FOOTE, LLP
383 4th Street, Suite 201
Oakland, California 94607
Telephone: 510-444-2512
Facsimile: 866-819-6169

Attorneys for Defendant:
Maria Maria Holdings, Inc.,
a Delaware Corporation

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TOM GONZALES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RDCo 44, LLC, a California limited liability company, McCovey's Inc., a California corporation, MARIA MARIA HOLDINGS, Inc., a Delaware corporation, JEFFREY DUDUM, an individual, RICK DUDUM, an individual, ROCKY DUDUM, an individual, DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: CV 11 06265 SI<br><br>[Proposed] STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF TOM GONZALES AND DEENDANT MARIA MARIA HOLDINGS, INC.<br><br>Trial Date:<br><br>BEFORE THE HON. SUSAN ILLSTON |

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties to this action that the following proposed Protective Order be entered, subject to the approval of the Court, as follows:

The terms and conditions of this Stipulated Protective Order ("Protective Order") shall govern the handling of information, documents, answers to interrogatories, depositions, pleadings, exhibits,

and other information exchanged by the parties to this action and related entities of any of them, or third parties, or any entity providing discovery.

It is hereby ORDERED as follows:

1. This Protective Order shall be applicable to and govern all information, depositions, disclosures, documents produced in response to Requests for Production of Documents, answers to Interrogatories, Responses to Request for Admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, pleadings, and other information or material which the disclosing party designates as "CONFIDENTIAL – UNDER PROTECTIVE ORDER" hereinbefore or hereinafter directly or indirectly, by or on behalf of any party in connection with this action.

2. In the event that any party reasonably and in good faith believes certain information, documents or things are extraordinarily sensitive and, therefore, appropriate for protection from disclosure, such items may be designated and marked "CONFIDENTIAL – UNDER PROTECTIVE ORDER." A designation of Materials as Confidential is appropriate where there is a danger that the party producing the Materials could be prejudiced or harmed by the disclosure of trade secrets and/or confidential business information.

2. In lieu of marking a document CONFIDENTIAL prior to inspection, the producing party or its counsel may orally designate any document or other Material being produced for inspection by counsel for a party as CONFIDENTIAL, thereby making it, and the information it contains, subject to this Protective Order.

3. In the event that a party or other person produces Material that any party deems in good faith to require designation as CONFIDENTIAL, that party may, within fourteen (14) days following the receipt of the Material, designate the material as CONFIDENTIAL. The Materials so designated are to be treated thereafter in accordance with this Protective Order.

4. Information disclosed at a deposition may be designated as CONFIDENTIAL (1) by indicating on the record during the deposition that the testimony is CONFIDENTIAL and subject to the provisions of this Protective Order, in which case the court reporter will be directed to prepare a

separate transcript containing the CONFIDENTIAL Material; or (2) within fourteen (14) calendar days following receipt of the transcript by counsel for the designating party, by notifying all parties in writing of the specific pages of the transcript that are to be treated as CONFIDENTIAL and thereafter protected by this Order.

5. Inadvertent failure to designate Materials as CONFIDENTIAL shall not constitute a waiver, and may be corrected by written notice in a manner consistent with paragraphs 3 and 4 above. The receiving party shall thereafter mark and treat the materials as CONFIDENTIAL, and such materials shall be fully subject to this Protective Order as if they had been initially so designated. All such documents produced prior to this Protective Order may so be identified orally as CONFIDENTIAL by the disclosing party.

6. If, at any time, any party reasonably and in good faith believes Materials designated by the opposing part as "CONFIDENTIAL" have been improperly so designated, such party can oppose the designation by serving on all other parties a written notice of objection, briefly stating the reasons why the Material should not be protected. During a FIVE (5) court day period following service of the objection (the "Meet and Confer Period"), the objecting and designating parties shall try to resolve the dispute. If neither the designation nor the objection is withdrawn, the objecting party may, within TEN (10) court days after the Meet and Confer Period, move the Court for an order removing the CONFIDENTIAL designation. The burden of proving that Materials designated as CONFIDENTIAL have been improperly so designated shall be on the party objecting to such designation. If, after objection, the meet and confer period expires and the time to bring a motion expires without a motion having been filed, the designation will stand.

7. Access to Material designated CONFIDENTIAL, and to any portion of any transcript, brief, declaration, memorandum or other paper that contains, reveals or refers to Materials so designated, shall be limited to outside counsel of record; the clerical employees of such counsel to the extent necessary to perform their duties; Non-party experts or consultants retained to assist counsel of record in this case; *provided, however*, that such experts sign the Undertaking attached hereto as **Exhibit "A"**; Court reporters involved in transcribing depositions or other proceedings in this litigation;

1  *provided, however*, that they agree to be subject to the terms of this Order; Deponents and trial witnesses during the course of their depositions or trial testimony; *provided, however*, that they sign the Undertaking attached hereto as **Exhibit "A"**; and the Court and related officials involved in this case, including judges, commissioners, Court-appointed referees, members of the jury, if any, in the case, and other Court personnel. Parties may have access to CONFIDENTIAL documents produced by the opposing party only if necessary in order to assist their counsel in the preparation of the case. Parties given access to CONFIDENTIAL documents of the opposing party must also execute **Exhibit "A."**

8. Counsel for the respective parties shall retain all executed Undertakings for their respective sides. This Stipulation does not require the Undertaking be delivered to other parties or require the disclosure of experts or consultants, except as otherwise required by applicable rules of procedure.

9. Each recipient of CONFIDENTIAL Material shall maintain such Material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use, and dissemination of such Material as is exercised by the recipient with respect to its own confidential and proprietary material.

10. Except upon consent of the designating party or upon order of the Court, any and all CONFIDENTIAL Materials produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those Materials, shall be used only for preparation and presentation of this action and for no other purpose whatsoever.

11. Any papers filed with the Court that contain or reveal Materials designated CONFIDENTIAL shall be ~~conditionally lodged under seal. The designating party shall file a motion within thirty (30) days seeking to have the Material filed under seal. In the event the designating party does not file a motion to have the Material filed under seal, or the motion to have the Material filed under seal is denied, the Material shall be filed as part of the records of the Court if the Court determines that the Material is relevant to the matter before the Court and admissible. If the Material is not determined to be relevant and admissible, it shall be returned to the proffering party and shall~~ filed in accordance with L.R. 79-5

---

Farber & Foote LLP – 4
Stipulated Protective Order
*Gonzales v. RDCo 44, LLC, etal.*, Case No. CV-11 06265 SI
Northern District of California, San Francisco Division

1  ~~continue to be subject to the terms of this Stipulated Protective Order. Documents stamped~~
2  ~~CONFIDENTIAL, or which contain confidential information, shall not be filed electronically in the~~
3  ~~CM/ECF electronic filing system. All electronically filed documents must be redacted to remove~~
4  ~~confidential information prior to filing. CONFIDENTIAL documents, or documents containing~~
5  ~~confidential information, may be submitted as courtesy copies to chambers.~~

6   12. Within thirty (30) days after final determination or settlement of this action, all Materials designated CONFIDENTIAL that have been produced by the designating party to another party during the course of this action shall be delivered to counsel for the designating party, and all reproductions, copies, abstracts, indices, summaries or any other embodiment of such Materials shall either be delivered to counsel for the producing party or destroyed. All electronic copies of CONFIDENTIAL documents must also be destroyed, including electronic copies in portable document format (pdf) or any other electronic format.

13. If any Material designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the opposing party and the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Material.

14. Nothing in this Order shall be construed as requiring disclosure of materials privileged under the attorney/client privilege, the attorney work product doctrine, or any other applicable privilege. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any designated materials. The parties and each of their counsel understand and acknowledge that a violation of this Protective Order may result in contempt sanctions imposed by the Court. The terms of this order shall survive any final disposition of this case, unless otherwise ordered by the Court. The Court shall retain jurisdiction to enforce or modify this Protective Order.

15. The Court shall have power to enforce this Order by contempt or otherwise. Any party that moves to enforce this Order shall be entitled to all reasonable attorneys' fees necessary to enforce

1 | the Order, if the Court finds that such motion was brought in good faith and with substantial
2 | justification in the facts.

*[Signature page follows]*

---

Farber & Foote LLP – 6
Stipulated Protective Order
*Gonzales v. RDCo 44, LLC, etal.*, Case No. CV-11 06265 SI
Northern District of California, San Francisco Division

DATED: August 30, 2012                LAW OFFICES OF DAVID WINTON

By: _____
David Winton, Esq.

Attorneys for Plaintiff Tom Gonzales

DATED: August 30, 2012                FARBER & FOOTE, LLP

By _____
Eric J. Farber, Esq.
383 4th Street, Suite 201
Oakland, California 94612

Attorneys for Defendant Maria Maria Holdings, Inc.

**APPROVED AND SO ORDERED:**

DATED: August 31, 2012

_____
Hon. Susan Illston
Judge of the United States District Court

*IT IS SO ORDERED AS MODIFIED*
Judge Susan Illston

Farber & Foote LLP – 7
Stipulated Protective Order
*Gonzales v. RDCo 44, LLC, et al.*, Case No. CV-11 06265 SI
Northern District of California, San Francisco Division

EXHIBIT "A" FOLLOWS

STATE OF _____ )
                            ) ss.
COUNTY OF _____ )

I, _____, hereby certify that:

1. My present address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in Case No. CIV11-06265, *Gonzales v. RD Co., 44, Inc., et al.*, United States District Court, Northern District of California, and agree to be bound by the terms of that Protective Order.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, any CONFIDENTIAL information or documents provided to me.

7. I will return all materials containing CONFIDENTIAL information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession, and documents or things that I prepared relating thereto and containing such CONFIDENTIAL Information, to counsel for the party by whom I am retained or employed, or to counsel by whom I am retained or employed, when my services in this matter have been concluded.

8. I understand that if I violate the provisions of this Protective Order I am in contempt of court and may be punished by the Court accordingly.

9. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of this Protective Order against me.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____

_____
Signature